UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WALTER KING**, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**SOFTWARE GUIDANCE & ASSISTANCE, INC.** and **CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.**,<br><br>Defendants. | Case No. |

**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff Walter King, individually and on behalf of all others similarly situated, by and through his attorneys, hereby brings this Collective and Class Action Complaint against Defendants Software Guidance & Assistance, Inc. ("SGA") and Consolidated Edison Company of New York, Inc. ("ConEd"), and alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

**INTRODUCTION**

1. Plaintiff brings this action, individually and as a collective action on behalf of all others similarly situated, to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and attendant regulations at 29 C.F.R. § 516 *et seq*.

2. Plaintiff also brings this action, individually and as a Rule 23 class action on behalf of all others similarly situated to recover unpaid straight time and overtime wages, liquidated damages, pre-judgment interest, and reasonable attorneys' fees and costs as a result of Defendants' violation of the New York Labor Law, §§ 650 *et seq.* and 190 *et seq.* and 12

NYCRR § 142-1.1 *et seq.* (collectively the "NYLL").

3. Defendants SGA and ConEd jointly employed a staff of hourly-paid System Analysts/Lan Admins including Plaintiff to perform work for ConEd.

4. The hourly-paid System Analysts/Lan Admins performed primary duties such as troubleshooting and help desk work, etc. that do not fall within any exemptions from overtime under the FLSA and NYLL.

5. The hourly-paid System Analysts/Lan Admins are victims of Defendants' unlawful common policies and practices that resulted in failure to compensate for all hours worked, in violation of the FLSA and NYLL.

6. Specifically, Defendants implemented a policy and practice of only paying the System Analysts/Lan Admins for up to the daily scheduled work hours (regularly 8 hours and sometimes mandatory 12 hours) but refusing and failing to pay for time worked in excess of the scheduled hours.

7. Management had knowledge about the System Analysts/Lan Admins working more than the daily scheduled hours but nonetheless refused to pay for all hours worked.

8. The badge swiping records would reflect that the System Analysts/Lan Admins worked in excess of the daily scheduled 8 (or 12) hours.

9. Despite the submission of work time to management with more than the scheduled hours through ICMS system, management altered it down to the scheduled hours and made it clear that they would only pay for up to the scheduled hours and not more.

10. Further, Defendants implemented a policy and practice of automatically deducting one hour of pay per workday for meal break irrespective of whether the System Analysts/Lan Admins received *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of

eating regular meals. See 29 CFR § 785.19.

11. Due to the nature of their work, the System Analysts/Lan Admins were required to perform work during meal breaks on several occasions for which they did not receive any compensation.

12. Further, when the System Analysts/Lan Admins were on mandatory daily 12-hour work schedules – weekly 40-plus-hour work schedules – Defendants implemented a policy and practice of paying all scheduled hours (including overtime hours) at straight time rate without any overtime premium.

13. As a result of Defendants' unlawful common policies and practices, the System Analysts/Lan Admins were deprived of straight time wages for work performed up to 40 hours per week and overtime wages at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 per week.

14. Plaintiff asserts the FLSA claims on behalf of the following putative FLSA collective pursuant to 29 U.S.C. § 216(b):

> *All individuals employed by Defendants as System Analysts/Lan Admins at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

15. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all System Analysts/Lan Admins of Defendants permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

16. Plaintiff asserts the NYLL claims on behalf of the following putative NYLL class pursuant to Fed. R. Civ. P. 23:

> *All individuals employed by Defendants as System Analysts/Lan Admins in the State of New York at any time from six (6) years prior to the filing of this Complaint through the date of judgment.*

17. Defendant SGA was sent a pre-suit demand letter but was unable to resolve this matter without judicial intervention.

18. On around November 16, 2018, SGA and Plaintiff entered into a tolling agreement, pursuant to which Plaintiff's federal and state wage claims against SGA are tolled as of September 21, 2018.

19. Defendants have willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

20. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201 *et seq*.

21. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

22. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants employed Plaintiff in this district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

**Defendants**

23. Defendant SGA ""specializes in providing technology, engineering, and business resource solutions for an established book of 75 Fortune 1,000 clients across the United States" and it maintains "a headquarters in New York [200 White Plains Road, Tarrytown, NY 10591]"

4

and "11 supporting offices coast to coast."[1]

24. SGA's services include, among others, "Staff Augmentation," "Full Time Placement," "Managed Services," "Payroll Services," etc.[2]

25. According to the NYS Department of State website, SGA's DOS Process address is: Software Guidance & Assistance, Inc., 200 White Plains Road, Tarrytown, NY 10591.

26. According to the NYS Department of State website, SGA's Chief Executive Officer and Registered Agent is the same person: Dorothy Doughty, 200 White Plains Road, Tarrytown, NY 10591.

27. Defendant ConEd "operate[s] one of the world's largest energy delivery systems" and its "electric, gas, and steam service now provides energy for the 10 million people who live in New York City and Westchester County."[3]

28. According to the NYS Department of State website, ConEd's DOS Process address is: Consolidated Edison Company of New York, Inc., Attn: Law Dept. / Room 1850-S, 4 Irving Place, New York, NY 10003.

**Plaintiff**

29. Plaintiff Walter King ("King") is a resident of Kings County, New York.

30. King was employed by ConEd and Experis Manpower Group as an hourly-paid System Analyst/Lan Admin from approximately November 2014 through February 2015.

31. King was employed by ConEd and SGA as an hourly-paid System Analyst/Lan Admin from approximately February 2015 through May 6, 2018.

32. King was employed by ConEd and TSR Consulting Services, Inc. as an

---

[1] *See* SGA's web page: https://www.sgainc.com/about/ (last accessed March 7, 2019).
[2] *See* SGA's web page: https://www.sgainc.com/our-services/ (last accessed March 7, 2019).
[3] *See* ConEd's web page: https://www.coned.com/en/about-us/company-information (last accessed March 7, 2019).

5

hourly-paid System Analyst/Lan Admin from approximately May 7, 2018 through July 6, 2018.

33. King was employed to work at ConEd's 750 East 16th Street Manhattan location from approximately November 2014 through October 2015.

34. King was employed to work at ConEd's East 14th Street Manhattan location from approximately November 2015 through August 2017.

35. King was employed to work at ConEd's East 75th Street & York Ave. and 110th & First Ave. Manhattan locations from approximately August 2017 through July 6, 2018.

36. King has signed consent form to join this lawsuit, which is attached hereto as *Exhibit A*.

## FACTUAL ALLEGATIONS

37. Defendants were the joint "employers" of Plaintiff and other System Analysts/Lan Admins under NYLL §§ 190(3), 651(6).

38. Defendants were the joint "employers" of Plaintiff and other System Analysts/Lan Admins under 29 U.S.C. § 203(d) and 29 CFR 791.2.

39. There is an arrangement between ConEd and SGA to employ Plaintiff and other System Analysts/Lan Admins to work at ConEd's premises.

40. Plaintiff and other System Analysts/Lan Admins performed work that simultaneously benefited all of the Defendants, who were not completely disassociated with respect to the employment of the System Analysts/Lan Admins.

41. Plaintiff is a former "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) and N.Y. Labor Law §§ 190(2), 651(5).

42. Defendant ConEd has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

43. Defendant SGA has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

44. Defendants have engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

45. Defendant ConEd's annual gross revenues were in excess of $500,000 per annum.

46. Defendant SGA's annual gross revenues were in excess of $500,000 per annum.

47. Defendant ConEd has two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

48. Defendant SGA has two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

49. Defendants "suffered or permitted" System Analysts/Lan Admins including Plaintiff to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

50. Defendants, directly or indirectly, hired Plaintiff and other System Analysts/Lan Admins and determined the rate and method of the payment of their wages.

51. Defendants controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of Plaintiff and other System Analysts/Lan Admins.

52. The position of System Analyst/Lan Admin is paid on an hourly basis.

53. The System Analysts/Lan Admins including Plaintiff performed primary duties such as troubleshooting and help desk work, etc. that do not fall within any exemptions from overtime under the FLSA and NYLL.

54. The System Analysts/Lan Admins provided troubleshooting and help desk services to the users who are also ConEd's employees and called the "blue badges."

55. The System Analysts/Lan Admins had a regular work schedule of 5 days a week.

56. The System Analysts/Lan Admins had a regular work schedule of 8 hours a day, exclusive of an unpaid one-hour meal break.

57. On some occasions such as when there was a storm or high wind or on hot days, the System Analysts/Lan Admins had a mandatory longer work schedule of 12 or more hours a day, exclusive of an unpaid one-hour meal break.

58. Despite the scheduled 8-hour or 12-hour shifts, in practice the System Analysts/Lan Admins regularly worked more than scheduled hours.

59. The System Analysts/Lan Admins regularly worked more than forty (40) hours per week.

60. However, the System Analysts/Lan Admins were not compensated for work performed in excess of the scheduled hours.

61. Defendants implemented a policy and practice of only paying the System Analysts/Lan Admins for up to the daily scheduled work hours but refusing and failing to pay for work time in excess of the scheduled hours.

62. Plaintiff was paid on an hourly basis.

63. Plaintiff's hourly rate was $35.31.

64. Plaintiff had a regular work schedule of 5 days a week.

65. Plaintiff had a regular daily work schedule of 8 hours a day, exclusive of an unpaid one-hour lunch break.

66. On some occasions, Plaintiff had a mandatory longer work schedule of 12 or more hours a day, exclusive of an unpaid one-hour lunch time.

67. Plaintiff regularly worked more than scheduled hours (8 or 12) a day.

68. Plaintiff regularly worked more than forty (40) hours per week.

69. The System Analysts/Lan Admins submitted work time on a daily and/or weekly basis via ConEd's ICMS system.

70. Plaintiff regularly submitted to ICMS system actual work hours that were in excess of the scheduled hours.

71. Management altered the time down to the scheduled hours if the hours submitted to ICMS system were more than the scheduled hours.

72. Management made it clear to Plaintiff that they would only pay for up to the scheduled hours and not more.

73. The badge swiping records would reflect that the System Analysts/Lan Admins worked in excess of the daily scheduled 8 (or 12) hours.

74. The System Analysts/Lan Admins did not clock in/out for meal breaks.

75. Defendants implemented a policy and practice of automatically deducting one hour of pay per workday for meal break irrespective of whether the System Analysts/Lan Admins received *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals. See 29 CFR § 785.19.

76. Due to the nature of their work, the System Analysts/Lan Admins were required to perform work during meal breaks on several occasions for which they did not receive any compensation.

77. When the System Analysts/Lan Admins were on mandatory daily 12-hour work schedules – weekly 40-plus-hour work schedules – Defendants implemented a policy and practice of paying all scheduled hours (including overtime hours) at straight time rate without any overtime premium.

78. As a result of Defendants' unlawful common policies and practices, the System Analysts/Lan Admins were deprived of straight time wages for work performed up to 40 hours per week and overtime wages at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 per week.

79. For example, during the week of 1/16/18 to 1/22/18, Plaintiff performed work in excess of forty (40) hours for which he did not receive compensation.

80. Plaintiff and other System Analysts/Lan Admins were subject to the common pay policies and practices of Defendants as stated herein that violated the FLSA and NYLL.

81. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

82. Defendants' violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

**COLLECTIVE ACTION ALLEGATIONS**

83. Plaintiff re-alleges and incorporates all previous paragraphs herein.

84. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all System Analysts/Lan Admins who have been affected by Defendants' unlawful common policies and practices which include failure to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516 *et seq*.

85. Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b) of the FLSA

on behalf of:

> *All individuals employed by Defendants as System Analysts/Lan Admins at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

86. Plaintiff bring this collective action against Defendants to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

87. The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

88. Plaintiff seeks to send Notice to all System Analysts/Lan Admins of Defendants permitting them to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

89. With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are performing the same or similar job duties as one another on behalf of Defendants; (b) they were or are subject to the same or similar unlawful practices, policies, or plans; and (c) their claims are based upon the same factual and legal theories.

90. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that has often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendants' records.

91.     Plaintiff and the putative FLSA collective members demand a trial by jury.

## **RULE 23 CLASS ACTION ALLEGATIONS**

92.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

93.     Plaintiff additionally seeks to maintain this action as an opt-out class action, pursuant to the Fed. R. Civ. P. 23 on behalf of all System Analysts/Lan Admins who have been affected by Defendants' unlawful common policies and practices which include failure to pay straight time and overtime compensation, , in violation of NYLL §§ 650 *et seq*. and 190 *et seq.* and 12 NYCRR § 142-1.1 *et seq.*

94.     Plaintiff brings this Rule 23 class action on behalf of:

> *All individuals employed by Defendants as System Analysts/Lan Admins in the State of New York at any time from six (6) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

95.     The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. The Rule 23 class members should be easy to identify from Defendants' payroll and personnel records.

96.     There is a well-defined community of interest among the class members and common questions of law and fact predominate in this action over any questions affecting each individual class member. These common legal and factual questions, include, but are not limited to, the following:

   a. Whether the class members worked more than forty (40) hours in any single workweek; and

   b. Whether the class members were compensated for all hours worked including straight time wages for up to forty (40) hours and overtime wages at a rate not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per week.

12

97. Plaintiff's claims are typical of those of the class members in that they and all other class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay straight time and overtime wages. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

98. Plaintiff was employed by Defendants in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay proper straight time and overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

99. Plaintiff will fully and adequately protect the interests of the class members and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

100. Defendants' corporate-wide policies and practices affected all class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claims arise from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a class action. Plaintiff and his counsel know of no unusual difficulties in this case.

COUNT I
**(29 U.S.C. § 216(b) Individual Claims)**
<u>**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201,** *et seq*.</u>
**FAILURE TO PAY OVERTIME**

101. Plaintiff re-alleges and incorporates all previous paragraphs herein.

102. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

103. Defendants were the joint employers of Plaintiff under 29 U.S.C. § 203(d) and 29 CFR 791.2 as Plaintiff performed work that simultaneously benefited all of the Defendants, who were not completely disassociated with respect to the employment of Plaintiff.

104. Defendants paid Plaintiff on an hourly basis.

105. Plaintiff performed primary duties such as troubleshooting and help desk work, etc. that do not fall within any exemptions from overtime under the FLSA.

106. Plaintiff regularly worked more than scheduled hours (8 or 12) a day.

107. Plaintiff regularly worked more than forty (40) hours per week.

108. Defendants failed to pay Plaintiff for all hours worked.

109. Defendants failed to pay Plaintiff the federally mandated overtime compensation at a rate not less than time-and-a-half (1.5) of the regular rate of pay for hours worked in excess of forty (40) per week.

110. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

14

111. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

112. As a result of Defendants' uniform policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

### COUNT II
### (29 U.S.C. § 216(b) Collective Action)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY OVERTIME

113. Plaintiff re-alleges and incorporates all previous paragraphs herein.

114. Defendants were the joint employers of Plaintiff and the FLSA collective members under 29 U.S.C. § 203(d) and 29 CFR 791.2 as they performed work that simultaneously benefited all of the Defendants, who were not completely disassociated with respect to the employment of System Analysts/Lan Admins.

115. Defendants paid Plaintiff and the FLSA collective members on an hourly basis.

116. Plaintiff and the FLSA collective members performed primary duties such as troubleshooting and help desk work, etc. that do not fall within any exemptions from overtime under the FLSA.

117. Plaintiff and the FLSA collective members regularly worked more than scheduled hours (8 or 12) a day.

118. Plaintiff and the FLSA collective members regularly worked more than forty (40) hours per week.

119. Defendants failed to pay Plaintiff and the FLSA collective members for all hours worked.

120. Defendants failed to pay Plaintiff and the FLSA collective members the federally mandated overtime compensation at a rate not less than time-and-a-half (1.5) of the regular rate of pay for hours worked in excess of forty (40) per week.

121. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

122. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

123. As a result of Defendants' uniform policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

### COUNT III
### (Violation of the New York Labor Law – Individual Claims)
### **FAILURE TO PAY STRAIGHT TIME**
### **FAILURE TO PAY OVERTIME**

124. Plaintiff re-alleges and incorporates all previous paragraphs herein.

125. Defendants jointly employed Plaintiff within the meaning of the NYLL.

126. Defendants paid Plaintiff on an hourly basis.

127. Plaintiff performed primary duties such as troubleshooting and help desk work, etc. that do not fall within any exemptions from overtime under the NYLL.

128. Plaintiff regularly worked more than scheduled hours (8 or 12) a day.

129. Plaintiff regularly worked more than forty (40) hours per week.

130. Defendants failed to pay Plaintiff for all hours worked.

131. Defendants failed to pay Plaintiff straight time wages for hours worked up to forty

(40) hours per week and overtime wages at a rate not less than time-and-a-half (1.5) of the regular rate of pay for hours worked in excess of forty (40) per week.

132. Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

133. As a result of the foregoing, Plaintiff was illegally deprived straight time and overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid wages, liquidated damages, pre-judgment interests and reasonable attorneys' fees and costs pursuant to NYLL.

## COUNT IV
### (Violations of the New York Labor Law – Fed R. Civ. P. 23 Class Action)
### **FAILURE TO PAY STRAIGHT TIME**
### **FAILURE TO PAY OVERTIME**

134. Plaintiff re-alleges and incorporates all previous paragraphs herein.

135. Defendants jointly employed Plaintiff and the Rule 23 class members within the meaning of the NYLL.

136. Defendants paid Plaintiff and the Rule 23 class members on an hourly basis.

137. Plaintiff and the Rule 23 class members performed primary duties such as troubleshooting and help desk work, etc. that do not fall within any exemptions from overtime under the NYLL.

138. Plaintiff and the Rule 23 class members regularly worked more than scheduled hours (8 or 12) a day.

139. Plaintiff and the Rule 23 class members regularly worked more than forty (40) hours per week.

140. Defendants failed to pay Plaintiff and the Rule 23 class members for all hours worked.

141.    Defendants failed to pay Plaintiff and the Rule 23 class members straight time wages for hours worked up to forty (40) hours per week and overtime wages at a rate not less than time-and-a-half (1.5) of the regular rate of pay for hours worked in excess of forty (40) per week.

142.    Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

143.    As a result of the foregoing, Plaintiff and the Rule 23 class members were illegally denied straight time and overtime wages, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid wages, liquidated damages, pre-judgment interests and reasonable attorneys' fees and costs pursuant to NYLL.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendants, and each of them, individually, jointly and severally:

(A)     A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(B)     A declaratory judgment that Defendants' wage practices alleged herein violate NYLL §§ 650 *et seq.* and 190, *et seq.* and 12 NYCRR § 142-1.1 *et seq.*;

(C)     An Order for injunctive relief ordering Defendants to comply with the FLSA and NYLL and end all of the illegal wage practices alleged herein;

(D)     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E)     Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the NYLL claims set forth herein;

(F)       Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G)       Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H)       Designating Lead Plaintiff as the representatives of the FLSA collective and Rule 23 class in this action;

(I)       Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 class in this action;

(J)       Judgment for damages for all unpaid overtime wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K)       Judgment for damages for all unpaid straight time and overtime wages, liquidated damages and pre-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under NYLL §§ 650 *et seq.* and 190, *et seq.* and 12 NYCRR § 142-1.1, *et seq.*;

(L)       An incentive award for the Lead Plaintiff for serving as representatives of the FLSA collective and Rule 23 class in this action;

(M)       Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA and NYLL;

(N)     Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

(O)     Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff Walter King, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: March 18, 2019                                           RESPECTFULLY SUBMITTED,

/s/ *Jason T. Brown*
Jason T. Brown
Ching-Yuan ("Tony") Teng
**BROWN, LLC**
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
tonyteng@jtblawgroup.com

*Attorneys for Plaintiff*