

IF IT'S NOT RIGHT, WE'LL FIGHT!™

111 TOWN SQUARE PLACE, SUITE 400 • JERSEY CITY, NEW JERSEY 07310 • TEL (877) 561-0000 • FAX (855) 582-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

## MEMO ENDORSED

October 26, 2019

<div style="border:1px solid;">
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/28/2019
</div>

<u>Via ECF</u>

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> **Re:** ***King v. Software Guidance & Assistance, Inc., et al.***
> Civil Case No.: 1:19-CV-02417-VEC
> **<u>Joint Letter Motion for Approval of FLSA Settlement</u>**

Dear Judge Caproni:

This firm represents Plaintiff Walter King in the above-referenced matter. Pursuant to Your Honor's September 12, 2019 Order (Dkt. 38), we submit this joint letter motion (the "Motion") for approval of the parties' proposed "Settlement Agreement and Release" ("Agreement")[1] as fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Counsel for Defendants have reviewed this letter and consent to its filing.

For the reasons and arguments set forth below, the parties submit that the terms and amounts set forth in the proposed Agreement constitute a fair and reasonable resolution of the parties' *bona fide* dispute over liability, the number of hours worked, and computation of the alleged damages. The parties therefore respectfully request the Court approve the proposed terms of settlement and grant the Motion.

### <u>Case Overview</u>

On March 18, 2019, Plaintiff, an hourly-paid Systems Analyst/LAN Administrator, brought this action against Software Guidance & Assistance, Inc. ("SGA") and Consolidated Edison Company of New York, Inc. ("Con Edison") and (SGA and Con Edison, collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for unpaid wages. (Dkt 1) Specifically, Plaintiff alleged that Defendants (i) failed to pay for all hours worked including work performed outside of the scheduled shifts and during meal breaks and (ii) failed to pay the additional half-time overtime premium for scheduled hours over 40 per week. Pursuant to the Court's Mediation Referral Order (Dkt. 11), the parties

---

[1] A copy of the proposed Agreement is attached as **Exhibit 1** to the Declaration of Tony Teng ("Teng Decl."), filed concurrently herewith.

produced a substantial number of documents and attended a mediation session on June 18, 2019, but did not reach a settlement. (Teng Decl. ¶ 17) Following the mediation, the parties continued to engage in several teleconferences and exchange multiple e-mails concerning their respective positions, factual and legal disputes, and calculations of purported damages. (*Id.* ¶ 18) As the parties took significant steps toward settling this matter, the parties requested and were granted two extensions on the pleading deadlines for Defendants to move against or answer the Complaint and for Plaintiff to file a motion for conditional certification. (Dkt 30, 32) On September 5, 2019, Con Edison filed a Motion to Dismiss and SGA filed its Answer. (Dkt 33, 36) After several rounds of arm's-length negotiations, the parties reached a settlement on September 11, 2019. (Dkt 37)

Con Edison and SGA each has denied any wrongdoing or violation of the FLSA, NYLL or any other law, and maintained that neither entity owes any money to the Plaintiff. The parties disagreed on many factual and legal issues such as whether there was an employment or joint-employment relationship among them, whether Plaintiff's primary duties fall within the Computer Employee exemption (*see* 29 C.F.R. §541.400) or any other exceptions or credits provided for under the FLSA and NYLL, whether Plaintiff performed work outside of his scheduled shifts and/or during meal breaks, whether Plaintiff performed uncompensated work, whether Plaintiff regularly worked a range of 2 to 5 hours every week outside of his scheduled shifts and during meal breaks, whether any of the alleged unpaid hours were gap time, whether liquidated damages are appropriate and whether there are other similarly-situated employees. (Teng Decl. ¶ 22)

Counsel for the parties discussed the complexity of the litigation, its proofs, production of ESI records including swipe data, interviewing and deposing the witnesses, and possible procedural and dispositive motion practices. (*Id.* ¶ 23) Acknowledging the risk of continued litigation, the uncertainty of rulings on the issues such as joint employment relationship, Computer Employee exemption and classification of a position under the FLSA and NYLL, and to avoid the burden and expenses they would face in trying to establish their respective positions, including the costs and fees associated with anticipated fact-intensive discovery and trial preparation, counsel for the parties engaged in several rounds of arm's-length negotiations. (*Id.* ¶ 24)

Under Rule 408, counsel for the parties conferred on the purported damage calculations for the Plaintiff which described the FLSA damages alleged to be owed to him assuming he prevailed 100% on his claims. (*Id.* ¶ 25) Based on the produced records, the claim for half-time damages as to the scheduled overtime hours total 60 hours and would amount to approximately $1,059.60. (*Id.* ¶ 26) Based on the exchanged information about swipe data, the claim for time-and-a-half damages for alleged time worked outside of the scheduled shifts and during meal breaks would amount to approximately $22,245.30. (*Id.* ¶ 27) After extensive investigation into the factual details with Plaintiff and review of the records and information provided by defense counsel and by Plaintiff, Plaintiff's counsel estimates that if Plaintiff prevails he would be entitled to approximately $23,304.90 in unpaid wages, plus an equal amount in liquidated damages under the FLSA. (*Id.* ¶ 28) Plaintiff also acknowledges that if Defendants prevailed in establishing that Plaintiff was exempt and thus not owed any overtime wages, he would recover nothing under the FLSA and further the number of the alleged hours worked outside of the scheduled shifts and during meal breaks per week would have to be factually established. (*Id.* ¶ 29) Moreover, Plaintiff acknowledges that if either Defendant prevailed in establishing it was not Plaintiff's employer,

Plaintiff would be unable to assert viable claims against such Defendant under the FLSA or NYLL. *Id.*)

Ultimately, the parties were able to come to an arm's-length agreement to resolve their differences that incorporated the risks of continued litigation. (*Id.* ¶ 30) The parties have agreed to and executed the proposed Agreement which dictates the terms and conditions of the settlement of Plaintiff's claims. (*See* **Exhibit 1**).

Pursuant to the proposed Agreement, Defendants have agreed to pay $32,973.77 to Plaintiff to resolve his claims, and to separately pay Plaintiff's counsel $539.35 for costs and $16,486.88 for reasonable attorneys' fees pursuant to the fee-shifting provision of the statute. (Teng Decl. ¶ 32) This constitutes valuable consideration for the release and dismissal of his claims and is a fair and reasonable compromise of Plaintiff's claims given the parties' *bona fide* disputes over factual and legal merits.

In sum, the parties submit that the proposed Agreement represents a fair resolution of the matter achieved through multiple rounds of arm's-length negotiation. Thus, the parties respectfully request that the Court grant the Motion and approve the proposed Agreement.

## The Agreement is Fair and Reasonable

FLSA claims may be settled if they are approved by the Court. *Cheeks*, 796 F.3d at 206-07. To obtain approval, the parties must demonstrate that their agreement is "fair and reasonable." *Beckert v. Roni Rubinov*, No. 15-CV-1951 (PAE), 2015 U.S. Dist. LEXIS 167052, 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "A fair settlement must reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15-CV-06278 (BCM), 2016 U.S. Dist. LEXIS 86206, 2016 WL 3647603, at *1 (S.D.N.Y. June 29, 2016). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472 (KBF)(DCF), 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) (citations omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved." *Id.*

In evaluating a proposed settlement of FLSA claims is "fair and reasonable," courts in this circuit consider the following factors: (1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

### *Plaintiff's Range of Possible Recovery*

As stated above, Plaintiff's counsel estimates that if Plaintiff prevailed he would be entitled to approximately $23,304.90 in unpaid wages plus an equal amount in liquidated damages. (Teng Decl. ¶ 28)

In light of the factual and legal disputes underlying the Plaintiff's claims, coupled with the uncertainty of knowing which party would ultimately succeed on the merits and how much the potential recovery would be, Plaintiff is satisfied with the $32,973.77 he stands to receive under the proposed Agreement. (*Id.* ¶ 33)  Plaintiff contends that the proposed settlement payment of $32,973.77 to Plaintiff represents his full actual damages plus 41.49% of liquidated damages under the FLSA which reflects a fair and reasonable compromise of the issues in dispute. (*Id.* ¶ 34)

### *Avoiding Anticipated Burdens in Establishing The Respective Claims and Defenses and The Seriousness of the Litigation Risks Faced by the Parties*

At all times, the parties disputed the issues on, *inter alia*, whether Plaintiff's job duties qualified him as exempt under the Computer Employee exemption to the overtime wage requirement of the FLSA, whether there was a joint-employment relationship among the parties, whether Plaintiff performed work outside of his scheduled shifts and/or during meal breaks, whether Plaintiff performed uncompensated work, whether Plaintiff regularly worked a range of 2 to 5 hours every week outside of his scheduled shifts and during meal breaks, whether any of the alleged unpaid hours were gap time and whether liquidated damages are appropriate. (*Id.* ¶ 22)

Given the parties' *bona fide* disputes over factual and legal merits, the continued litigation costs over fact-intensive discovery and trial preparation, the potential that a court or jury could resolve the exemption and joint-employment issues in Defendants' favor, the Court should find that the burdens, costs, and risks to Plaintiff of litigating this matter outweighed the possibility holding out for a greater recovery.

### *Arm's-Length Bargaining Between Experienced Wage and Hour Counsel*

The parties and their counsel engaged in several rounds of negotiations and discussions regarding factual and legal disputes and damage calculations. (*Id.* ¶¶ 22-30)  At all times, the parties were at an arm's-length relationship and were represented by experienced counsel.

In this matter, counsel relied on their experience of similar alleged wage and hour cases to perform a thorough evaluation of Plaintiff's claims and his potential recovery.  Counsel's able representation ensured that Plaintiff's rights under the statute were protected.  Considering the extent of possible recovery and the risks discussed above, the parties arrived at the above settlement amount and agreed this amount is a fair and reasonable settlement under the circumstances of this case.

## <u>Attorneys' Fees and Costs are also Reasonable[2]</u>

In addition to assessing the reasonableness of the settlement award, "the court must also assess the reasonableness of [any attorneys'] fee award." *Velasquez v. SAFI-G, Inc*., 137 F. Supp. 3d 582, 585 (S.D.N.Y. 2015) (citing *Wolinsky*, 900 F. Supp. 2d at 336). Attorneys' fees in FLSA settlements are examined "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing *Wolinsky*, 900 F. Supp. 2d at 336).

Courts in this circuit generally approve attorneys' fees that represent one-third contingency fees. *See Garcia v. YSH Green Corp*., 2016 U.S. Dist. LEXIS 158001 (S.D.N.Y. Nov. 14, 2016) (collecting cases); *see also Angamarca v. Hud-Moe LLC*, No. 18-CV-1334(RA), 2018 U.S. Dist. LEXIS 212518, at * 3 (S.D.N.Y. Dec. 17, 2018) ("A contingency fee award is presumptively valid where 'the proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method' in this District") (citation omitted); *Beckert*, 2015 U.S. Dist. LEXIS 167052, at *3 ("[W]hen awarding attorneys' fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement net of costs."); *Zhang v. Lin Kumo Japanese Rest. Inc.*, 2015 U.S. Dist. LEXIS 115608, at *3 & n.1 (S.D.N.Y. Aug. 31, 2015) ("The Court's view is that attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement net of costs."). "Moreover, the amount is reasonable when compared to what would be awarded under the lodestar method." *Yunjian Lin v. Grand Sichuan 74 St. Inc.*, No. 15-CV-2950 (RA), 2018 U.S. Dist. LEXIS 110266, at *16 (S.D.N.Y. July 2, 2018).

Here, the parties have negotiated and Defendants have agreed to pay Plaintiff $539.35 for costs and $16,486.88 for reasonable attorneys' fees.

Plaintiff's Counsel has incurred costs and expenses in a total amount of $539.35 as detailed in the Summary of Attorneys' Fees and Costs. (*See* **Exhibit 2** to Teng Decl.) The costs and expenses incurred are reasonable and integral to the investigation, prosecution and settlement of this case, and therefore the Court should approve the payment of costs to Plaintiff's Counsel. *See, e.g., Hernandez v. JRPAC Inc.*, 2017 U.S. Dist. LEXIS 1988, at *4-5 (S.D.N.Y. Jan. 6, 2017) ("Attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."); *Tao Rui Wu v. Maxphoto Ny Corp*., No. CV 15-3050 (LDH)(ARL), 2016 U.S. Dist. LEXIS 158991, at *9 (E.D.N.Y. Nov. 15, 2016) ("Costs relating to filing fees, process servers, postage, and photocopying are ordinarily recoverable.").

Further, the attorneys' fees here are reasonable and should be approved. The attorneys' fees of $16,486.88 constitute 1/3 of the net settlement amount of $49,460.65 and are less than the Plaintiff's counsel's lodestar. (Teng Decl. ¶ 36). As of October 26, 2019, Plaintiff's attorneys and their staff have collectively performed legal work for a total of 146.10 hours in the pre-suit investigation, prosecution and settlement of this case. (*Id.* ¶ 37) Pursuant to the firm's standard billing rates, Plaintiff has incurred a total of $65,168.81 for attorneys' fees. (*Id.* ¶ 38) Nevertheless, for purposes of this Motion, the submitted Summary of Attorneys' Fees and Costs applies the discounted rates in accordance with the presumptively reasonable hourly rates within this District

---

[2] Defendants take no position on Plaintiff's request for attorneys' fees and costs.

which establishes attorneys' fees of $35,379.38. (*Id.*) *See, e.g., Hernandez v. Boucherie LLC*, No. 18-CV-7887 (VEC), 2019 U.S. Dist. LEXIS 134020, at *10 (S.D.N.Y. Aug. 8, 2019) ("numerous courts in New York City have determined . . . that a fee ranging from $250 to $450 per hour is appropriate for experienced litigators in wage-and-hour cases."); *Velandia v. Serendipity 3, Inc.*, No. 16-CV-1799, 2018 U.S. Dist. LEXIS 116594, 2018 WL 3418776, at *4 (S.D.N.Y. July 12, 2018) ("Courts in this District routinely approve of an hourly rate for associates between $200 and $300").

In addition to legal work performed throughout litigation, "courts in this circuit typically award attorneys' fees for pre-filing preparations," *Kahlil v. Original Old Homestead Rest., Inc*, 657 F. Supp. 2d 470, 477 (S.D.N.Y. 2009), and "for all time spent on settlement." *Ruiz v. Maidenbaum & Assoc., P.L.L.C.*, 2013 U.S. Dist. LEXIS 109733 (S.D.N.Y. 2013) (holding "[s]ettlement is an important part of an attorney's work on a case, and time spent on such efforts is compensable").

Until the conclusion of the entire settlement process, Plaintiff's counsel and their staff will continue to perform legal work including all necessary steps essential to obtain the court's approval of the settlement, ensure distribution of the settlement payments to the Plaintiff, and lastly file a stipulation of dismissal with prejudice after settlement payments are dispersed. (Teng Decl. ¶ 39).

The parties are not requesting the Court to approve Plaintiff's counsel's entire lodestar, but are requesting approval of the reduced amount of $16,486.88, or 1/3 of the net settlement amount, for the attorney's fees agreed to as a term of the settlement agreement. Notwithstanding the additional legal work expected to be done to perfect this settlement, Plaintiff's counsel did not seek additional fees to be paid by Defendants and the total amount of the fees sought remains to be $16,486.88.

As such, the parties respectfully submit that the amounts of $539.35 for costs and $16,486.88 for fees are reasonable.

## Conclusion

In light of the foregoing, the parties submit that the proposed Agreement reflects a fair and reasonable resolution of the matter achieved through discovery and a number of arm's-length negotiations between skilled and experienced counsel, in a context where all parties faced significant litigation risks with respect to hotly contested factual and legal issues. Further, the proposed fees and costs are appropriate in this case. Therefore, the parties respectfully request that the Court approve their proposed Agreement as fair and reasonable, and permit the parties to dismiss this action with prejudice.

Respectfully submitted,

BROWN, LLC

/s/ *Tony Teng*
Ching-Yuan "Tony" Teng

cc: All counsel of record (via ECF)

The Settlement Agreement is APPROVED as fair and reasonable.  The Court notes that the hours spent on this matter are high, but not so unreasonably high that the Court will not approve the agreed upon one-third fee.  The conference scheduled for **November 1, 2019** is canceled.

SO ORDERED.

10/28/2019

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

WALTER KING, individually, and on behalf of    :
others similarly situated,                          :

                                        :    19-CV-2417 (VEC)

            Plaintiff,            :

                                          :    **DECLARATION OF CHING-YUAN**

vs.                                  :    **"TONY" TENG REGARDING**

                                        :    <u>**APPROVAL OF FLSA SETTLEMENT**</u>

SOFTWARE GUIDANCE & ASSISTANCE, INC.  :
and CONSOLIDATED EDISON COMPANY OF  :
NEW YORK, INC.,                          :

                                        :

           Defendants.        :

                                        :

-------------------------------------------------------------------x

**CHING-YUAN "TONY" TENG, ESQ.**, hereby declares as follows:

1.      I am an Associate with the firm of Brown, LLC, counsel for Plaintiff Walter King, and am familiar with the facts and circumstances set forth herein.

2.      This declaration is respectfully submitted in support of the joint letter motion for approval of FLSA settlement reached by Plaintiff and Defendants Software Guidance & Assistance, Inc. ("SGA") and Consolidated Edison Company of New York, Inc. ("Con Edison").

<div align="center">

**BROWN LLC'S QUALIFICATIONS**

</div>

3.      Brown, LLC has a primary focus on complex litigation, such as qui tams, mass torts and class actions, including wage-and-hour collective and class actions. Representative FLSA actions include *Shaver v. Gills Eldersberg, Inc*., et al., No. 1:14-cv-03977-ELH (D. Md.); *Atkinson v. Teletech, LLC*, et al., No. 14-cv-253 (S.D. Ohio); *Hartford v. NTN Driveshaft, Inc*., No. 1:14-cv-00001-SEB-TAB (S.D. Ind); *Dunagan v. Ryder Integrated Logistics, Inc*., No.: 4:13-cv-03496 (S.D. Tx.); *Cerrato v. Alliance Material Handling Inc. et al*., No.: 1:13-cv-02774-WDQ (D. Md.); *Gittens v. RM HQ, LLC*, 1:13-cv-04649 (S.D.N.Y.); *Tomas Benito-Lopez v. Millennium Car Wash*, No. 2:14-cv-01709 (E.D.N.Y.); *Orakwue et al v. Selman Associates,*

<div align="center">1</div>

*LTD, et al.*, No. 2013-cv-00052 (W.D. Tex.); *Drummond et al v. Hartford Financial Services Group, Inc. et al*, 3:14-cv-01837 (D. Conn.); *Calnan, et al v. Veolia Energy North America LLC*, No. 1:12-cv-11412-WGY (D. Mass.); *Eshelman, et al. v. Client Services, Inc., et al.*, No. 0822-CC-00763 in the Twenty-Second Judicial District of the Missouri Circuit Court; and *Miller, et al. v. Aon Risk Services Companies, Inc., et al.*, No. 1:08-cv-05802 (N.D. Ill.).

4.      In addition to myself, the following individuals with Brown, LLC have performed services in connection with this matter are: Jason T. Brown (head of the firm), Nicholas Conlon (associate attorney), Patrick Almonrode, (associate attorney), Zijian Guan (associate attorney), Lotus Cannon (associate attorney), Irene Chan (associate attorney), Osmara Suazo (admin staff), Caitlin Keating (admin staff), Vanessa Reyes (admin staff), Sueherminia Colon (admin staff), , Angiee Rosario (admin staff), Rebecca Mahabir (admin staff), Bernardo Valdez (admin staff) and  Stephanie Martinez (admin staff).

5.      Attorney Jason T. Brown is the head of Brown, LLC and the firm's senior litigator.  He graduated from Rutgers School of Law and has been practicing law for over twenty years often handling complex civil ligation and class actions with many wage and hour class and collective actions certified and successfully settled.  He formerly served as a Legal Advisor and Special Agent for the Federal Bureau of Investigation (FBI).  He has successfully litigated wage and hour actions nationwide as the lead counsel with each case having its own level of complexity.  In addition to the cases cited above, these cases include: *Eshelman, et al. v. Client Services, Inc., et al.,* No. 0822-CC-00763 in the Twenty-Second Judicial District of the Missouri Circuit Court, *Miller, et al. v. Aon Risk Services Companies, Inc., et al.,* No. 1:08-cv-05802 (N.D. Ill.), and *Lambert, et al. v. Sykes Enterprises, Incorporated,* No. 4:11-cv-00850 BSM

(E.D. Ark.). He also served as a member of the Plaintiffs' Steering Committee in *In Re Nuvaring® Products Liability Litigation*, No. 4:08-md-1964 (E.D. Mo).

6.      Mr. Brown has been and presently is a member of good standing of the bars of the following jurisdictions: State of New Jersey, the State of New York, the Commonwealth of Pennsylvania, the State of Illinois, and the District of Columbia, as well as the United States District Courts for the District of New Jersey, the Eastern, Western, Northern, and Southern Districts of New York, the Eastern, Western, and Middle Districts of Pennsylvania, the Northern District of Florida, the Northern District of Ohio, the District of Colorado, the Eastern and Western Districts of Wisconsin, the Northern District of Illinois, the Eastern and Western Districts of Michigan, and the United States Court of Appeals for both the First and Third Circuits.

7.      Attorney Nicholas Conlon has been an Associate at Brown, LLC since July 2014. He graduated from the Benjamin N. Cardozo School of Law in 2012 and then served as a Volunteer Assistant for the New Jersey Attorney General, Public Utilities Section. Mr. Conlon has worked on many wage and hour actions with successful recovery for the plaintiffs, such as *Joseph, et al. v. James Robinson*, 15-22433-CIVGOODMAN (S.D. Fla.); *Atkinson v. Teletech, LLC*, et al., No. 14-cv-253 (S.D. Ohio); *Hartford v. NTN Driveshaft, Inc*., 1:14-cv-00001-SEB-TAB (S.D. Ind); *Voss v. Alcon Laboratories, Inc*., No. 16-cv-02040 (SRN/TNL) (D. Minn.); *Telcy v. Lee & Kim, Inc*., No. 1:15-cv-09288-AKH (S.D.N.Y.); and *Balderas v. Beto's Mexican Food, LLC*, No. 2:16-cv-00236 (D. Utah).

8.      Attorney Patrick S. Almonrode graduated *cum laude* from Fordham University School of Law in 2004.  He clerked for Judge Barbara S. Jones, SDNY (now retired), and has

worked in both public-interest and private-sector firms.  He has been with Brown, LLC since 2015, and he concentrates on qui tam litigation.

9.      Attorney Zijian Guan is a graduate of Fordham University School of Law and has been practicing law full time for over eight (8) years since 2011. Throughout this time, she has worked as an Associate for Brown, LLC and has concentrated on wage-and-hour, and mass torts litigation, and has worked on many wage and hour actions with successful recovery for the plaintiffs, such as *Shaver, supra*, No. 1:14-cv-03977-ELH; *Lambert, supra*, No. 4:11-cv-00850 BSM; *Dunagan, supra,* No.: 4:13-cv-03496; *Orakwue, supra*, No. 2013-cv00052; *Felix v. Thai Basil At Thornton, Inc.*, No. 1:14-cv-02567-MSK-CBS (D.Colo); and *Senat v. The McLane Group, LLC et al*, No. 1:13-cv-08517-JPO (S.D.N.Y.).

10.     Attorney Lotus Cannon graduated from Columbia Law School in 2017. At Brown LLC she handles wage and hour cases in the collective and individual context and assists with qui tam matters.

11.     Irene Chan worked as an Associate for Brown, LLC from October 2017 to December 2018, after graduating from New England Law, Boston. Ms. Chan worked as a Legal Assistant for a Federal Chief Judge with the Department of Labor. She also served active duty for seven years in the United States Armed Forces. She is part of the Wage and Hour Department. During her time with Brown, LLC, Ms. Chan worked almost entirely on wage-and-hour cases.

12.     I have been an Associate with Brown, LLC since December 2017.  Prior to that, I was a law clerk to Jason T. Brown, Esq. for 9 years, after obtaining my LL.M. degree from American University Washington College of Law in 2008.  I have over 9 years of experience

working on the firm's wage and hour cases including several Rule 23 Class and/or FLSA
Collective action lawsuits filed nationwide.

13.     I am a member of good standing of the bars of New York State as well as the
United States District Courts for the Southern and Eastern Districts of New York.

**BROWN, LLC'S REPRESENTATION OF PLAINTIFF IN THIS MATTER**

14.     Brown, LLC has represented Plaintiff Walter King on a fully contingent basis,
meaning the firm is only paid if and when Plaintiff achieves a successful result.  The firm also
agreed to advance all costs of the litigation.

15.     On or around September 21, 2018, counsel for the Plaintiff sent a good faith pre-
suit demand letter to SGA regarding Plaintiff's claims for unpaid wages.  Plaintiff and SGA
executed a tolling agreement and engaged in pre-suit discussions but were unable to amicably
resolve their differences.

16.     On March 18, 2019, Plaintiff and his counsel filed a complaint against SGA and
Con Edison alleging violations of the Fair Labor Standards Act ("FLSA") and the New York
Labor Law ("NYLL").  (Dkt 1)

17.     Pursuant to the Court's Mediation Referral Order (Dkt. 11), the parties produced a
substantial number of documents and attended a mediation session on June 18, 2019, but did not
reach a settlement.

18.     Following the mediation, the parties continued to engage in several
teleconferences and exchange multiple e-mails concerning their respective positions, factual and
legal disputes, and calculations of purported damages.

19.     As the parties took significant steps toward settling this matter, the parties
requested and were granted two extensions on the pleading deadlines for Defendants to move

against or answer the Complaint and for Plaintiff to file a motion for conditional certification. (Dkt 30, 32)

20.     On September 5, 2019, Con Edison filed a Motion to Dismiss and SGA filed its Answer.  (Dkt 33, 36)

21.     After several rounds of arm's-length negotiations, the parties reached a settlement on September 11, 2019.  (Dkt 37)

22.     The parties disagreed on many factual and legal issues such as whether there was an employment or joint-employment relationship among them, whether Plaintiff's primary duties fall within the Computer Employee exemption or any other exceptions or credits provided for under the FLSA and NYLL, whether Plaintiff performed work outside of his scheduled shifts and/or during meal breaks, whether Plaintiff performed uncompensated work, whether Plaintiff regularly worked a range of 2 to 5 hours every week outside of his scheduled shifts and during meal breaks, whether any of the alleged unpaid hours were gap time, whether liquidated damages are appropriate and whether there are other similarly situated employees.

23.     Counsel for the parties discussed the complexity of the litigation, its proofs, production of ESI records including swipe data, interviewing and deposing the witnesses, and possible procedural and dispositive motion practices.

24.     Acknowledging the risk of continued litigation, the uncertainty of rulings on the issues such as joint employment relationship, Computer Employee exemption and classification of a position under the FLSA and NYLL, and to avoid the burden and expenses they would face in trying to establish their respective positions, including the costs and fees associated with anticipated fact-intensive discovery and trial preparation, counsel for the parties engaged in several rounds of arm's-length negotiations.

25.     Under Rule 408, counsel for the parties conferred on the purported damage calculations for the Plaintiff which described the FLSA damages alleged to be owed to him assuming he prevailed 100% on his claims.

26.     Based on the produced records, the claim for half-time damages as to the scheduled overtime hours total 60 hours and would amount to approximately $1,059.60.

27.     Based on the exchanged information about swipe data, the claim for time-and-a-half damages for alleged time worked outside of the scheduled shifts and during meal breaks would amount to approximately $22,245.30.

28.     After extensive investigation into the factual details with Plaintiff and review of the records and information provided by defense counsel and by Plaintiff, Plaintiff's counsel estimates that if Plaintiff prevails he would be entitled to approximately $23,304.90 in unpaid wages, plus an equal amount in liquidated damages under the FLSA.

29.     Plaintiff acknowledges that if Defendants prevailed in establishing that Plaintiff was exempt and thus not owed any overtime wages, he would recover nothing under the FLSA and further the number of the alleged hours worked outside of the scheduled shifts and during meal breaks per week would have to be factually established.  Further, if either Defendant prevailed in establishing it was not Plaintiff's employer, Plaintiff would be unable to assert viable claims against such Defendant under the FLSA or NYLL.

30.     Ultimately, the parties were able to come to an arm's-length agreement to resolve their differences that incorporated the risks of continued litigation.

31.     The parties have agreed to and executed a "Settlement Agreement and Release" ("Agreement"), attached hereto as **Exhibit 1**, which dictates the terms and conditions of the settlement of Plaintiff's claims.

7

32.     Pursuant to the proposed Agreement, Defendants have agreed to pay $32,973.77 to Plaintiff to resolve his claims, and to separately pay Plaintiff's counsel $539.35 for costs and $16,486.88 for reasonable attorneys' fees pursuant to the fee-shifting provision of the statute.

33.     In light of the factual and legal disputes underlying the Plaintiff's claims, coupled with the uncertainty of knowing which party would ultimately succeed on the merits and how much the potential recovery would be, Plaintiff is satisfied with the $32,973.77 he stands to receive under the proposed Agreement.

34.     The proposed settlement payment of $32,973.77 to Plaintiff would represent his full actual damages plus 41.49% of liquidated damages under the FLSA which reflects a fair and reasonable compromise of the issues in dispute.

35.     Attached hereto as **Exhibit 2** is a true and correct copy of the Summary of Attorneys' Fees and Costs for this matter, as of October 26, 2019.  As set forth therein, Plaintiff has incurred incur costs and expenses in a total amount of $539.35, for which Defendants have agreed to pay.

36.     The attorneys' fees of $16,486.88 constitute 1/3 of the net settlement amount of $49,460.65 and are less than Plaintiff's counsel's lodestar.

37.     As of October 26, 2019, Plaintiff's Counsel and their staff have collectively performed legal work for a total of 146.10 hours in the pre-suit investigation, prosecution and settlement of this case.

38.     Pursuant to the firm's standard billing rates, Plaintiff has incurred a total of $65,168.81 for attorneys' fees.  Nevertheless, for purposes of this Motion, the submitted Summary of Attorneys' Fees and Costs applies the discounted rates in accordance with the

8

presumptively reasonable hourly rates within this District which establishes attorneys' fees of $35,379.38.

39. Until the conclusion of the entire settlement process, Plaintiff's counsel and their staff will continue to perform legal work including all necessary steps essential to obtain the court's approval of the settlement, ensure distribution of the settlement payments to the Plaintiff, and lastly file a stipulation of dismissal with prejudice after settlement payments are dispersed.

40. The terms of the proposed Agreement reflects a fair and reasonable resolution of the matter achieved through discovery and a number of arm's-length negotiations between skilled and experienced counsel, in a context where all parties faced significant litigation risks with respect to hotly contested factual and legal issues.

41. The proposed Agreement reflects a fair and reasonable resolution of a *bona fide* dispute among the parties, and the proposed fees and costs are appropriate in this case. Therefore, we respectfully request that the Court approve the parties' FLSA settlement.


Date: October 26, 2019

/s/ *Tony Teng*
Ching-Yuan "Tony" Teng

*King v. Software Guidance & Assistance, Inc., et al.*
**1:19-CV-02417-VEC**

# EXHIBIT 1

Proposed "Settlement Agreement
and Release"

Case 1:19-cv-02417-VEC   Document 43-2   Filed 10/26/19   Page 2 of 13

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between Walter King, on behalf of him, his agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter "Plaintiff"), on the one hand, and Software Guidance & Assistance, Inc. ("SGA") and Consolidated Edison Company of New York, Inc. ("Con Edison" and with SGA, collectively referred to herein as "Defendants"), on the other hand.

**WHEREAS**, on or about March 18, 2019, Plaintiff commenced an action against the Defendants in the United States District Court for the Southern District of New York, in the action entitled *King v. Software Guidance & Assistance, Inc., et al.*, under Civil Action No. 1:19-cv-02417-VEC (the "Complaint" or the "Action"), in which he alleged wage and hour claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law and its supporting regulations/order ("NYLL");

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiff and the Court has not made any findings with respect to the merits of the claims asserted in the Action or otherwise;

**WHEREAS**, Defendant Con Edison denies Plaintiff's allegations that it "employed" Plaintiff, as that term is defined under the FLSA and/or NYLL, and the Court has not made any findings with respect to whether Con Edison was Plaintiff's employer;

**WHEREAS**, Defendants and Plaintiff (collectively referred to as the "Parties") desire to resolve all disagreements between them, including those asserted in the Action, in an amicable manner without the expense and time of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

**1.** **Consideration**:  In full settlement and final satisfaction of any and all FLSA and NYLL wage-and-hour claims that Plaintiff has, had or may have against the Defendants, including, but not limited to the claims raised in the Action, and in consideration for the agreements and obligations set forth herein, including but not limited to the release by Plaintiff of claims asserted against Defendants set forth in Paragraph 3, Plaintiff and his counsel shall receive the total sum of FIFTY THOUSAND DOLLARS AND ZERO CENTS ($50,000.00). Of this total settlement payment SGA shall be solely responsible for contributing the sum of TWENTY-SIX THOUSAND DOLLARS AND ZERO CENTS ($26,000.00) and Con Edison shall be solely responsible for contributing the sum of TWENTY-FOUR THOUSAND DOLLARS AND ZERO CENTS ($24,000.00) (hereinafter, the total sum of $50,000 is referred to as the "Settlement Amount").

(a)     **Breakdown of Settlement Amounts**:  The breakdown of the Settlement Amount to Plaintiff and Plaintiff's Counsel shall be as follows:

| | |
|---|---|
| Walter King | $32,973.77 |
| Brown, LLC | $17,026.23 |

The breakdown of settlement amounts in this Paragraph 1(a) represents the gross amount that Plaintiff and Plaintiff's Counsel shall receive from the Settlement Amount. The Settlement Amount shall be paid pursuant to the terms set forth in this Agreement.

(b)     **Breakdown of Settlement Amounts By Payment Type (W-2 or 1099 Payments):**

(i)     **Walter King**

(1)     SGA will issue a check made payable to "Walter King" in the total gross amount of $16,486.89, less applicable tax withholdings and deductions required by law, representing payment for any and all allegedly unpaid minimum wages, overtime, and any other wages under the FLSA and NYLL and its supporting regulations. SGA shall issue Plaintiff an IRS Form W-2 with respect to this payment.

(2)     SGA will issue a check made payable to "Walter King" in the total gross amount of $9,513.11, representing payment for alleged liquidated damages and penalties under the FLSA and NYLL and its supporting regulations. No tax withholdings or deductions shall be taken from this payment. SGA shall issue Plaintiff an IRS Form 1099-MISC with respect to this payment.

(3)     Con Edison will issue a check made payable to "Walter King" in the total gross amount of $6,973.77, representing payment for alleged liquidated damages and penalties under the FLSA and NYLL and its supporting regulations. No tax withholdings or deductions shall be taken from this payment. Con Edison shall issue Plaintiff an IRS Form 1099-MISC with respect to this payment.

(ii)     **Brown, LLC:**

(1)     Con Edison will issue a check made payable to "Brown, LLC" in the total amount of $17,026.23 representing payment for Plaintiff's attorneys' fees of $16,486.88 and costs and expenses of $539.35 incurred in this matter, whether those fees and costs were incurred by Brown, LLC, and/or any other law firm or attorney. Con Edison shall issue Plaintiff and Brown, LLC an IRS Form 1099-MISC with respect to this payment. Plaintiff acknowledges no further right to any attorneys' fees, costs and expenses incurred in this matter, other than what is described herein.

(c)     **Execution of Agreement and Joint Stipulation of Dismissal:**

(i)     Pursuant to Paragraph 7 below, upon execution of this Agreement, the Parties agree to immediately execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as **Exhibit 1**, which will be provided to the Court along with the Joint Letter Motion for Approval of the Settlement Agreement. The settlement payments set forth in Paragraph 1 shall be due and payable and sent, via- non USPS overnight with a tracking number, to Plaintiff's Counsel, Brown LLC, 111 Town Square Place, Suite 400, Jersey City, NJ 073010, within fourteen (14) calendar days after the later of the following: (1) the Court's order approving the Settlement Agreement and dismissing with prejudice the Action, and (2) Defendants' receipt of executed W-9 Forms from Brown, LLC and completed W-4 and W-9 Forms from Plaintiff.

**2.** **Full Payment**: Plaintiff agrees and affirms that the payments described in Paragraph 1 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel. This amount shall include compensation for alleged damages to Plaintiff and for any and all harm which he may have suffered because of any acts or omissions of the Defendants as alleged in the Action or relating to any wage-and-hour claims, including but not limited to for claims for unpaid wages, minimum wages, overtime pay, or any other remuneration under state and federal law or common law. Plaintiff agrees that these payments are inclusive of any claim for attorneys' fees, costs, interest and/or other expenses.

**3.** **Release of Wage and Hour Claims by Plaintiff:** In exchange for the payments identified in Paragraph 1 and in exchange for the other considerations supporting this Agreement, Plaintiff, on his own behalf and on behalf of his descendants, dependents, heirs, executors, administrators, attorneys, agents, successors, and assigns, fully, finally and forever agrees unconditionally to release and discharge the Defendants and any and all related or affiliated businesses or business entities, including, but not limited to, parent entities, successors, their present and former shareholders, executives, managers, officers, agents, directors, supervisors, employees, representatives, and all persons acting in concert with them (collectively, the "Releasees"), from all causes of action arising under the Fair Labor Standards Act, the New York Labor Laws and its ancillary regulations, and/or any federal, state or local wage statute, code, or ordinance concerning wage and hour matters, from the beginning of time through the date of this Agreement.

This release of wage and hour claims includes, but is not limited to, all claims for unpaid minimum wage, overtime, commissions, tips and/or gratuities, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, call-in pay, bonuses, off the clock work, expenses, reimbursements, gratuities or any other remuneration during Plaintiff's alleged employment with any Defendant and any other compensation or wages, liquidated damages, compensatory damages, punitive damages, penalties, attorneys' fees, interests and/or costs related to the claims filed in this Action.

**4.** **Covenant Not to Sue**: Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against the Defendants and Releasees concerning any matter released in this Agreement. If Plaintiff breaches the provision of this Paragraph, Defendants will be entitled to seek recovery of their costs, including their reasonable attorney's fees, relating to the Defendants' enforcement of this Agreement and/or defense of such claims.

**5.** **Plaintiff's Counsel:** Brown, LLC represents and warrants that neither the firm nor any attorneys affiliated with the firm (individually, together, or in conjunction with other attorneys) currently represent any other contractor of any Defendants in connection with any employment-related issue against any Defendants, including, but not limited to Wage and Hour claims, nor does Plaintiff' counsel currently represent any employee or former employee, or alleged employee or former employee, in connection with any employment-related issue against any Defendant, including, but not limited to Wage and Hour claims.

**6.** **Confidentiality and Non-Disclosure:** This Agreement shall be publically filed and available to the general public. If Plaintiff is approached by any third party, Plaintiff shall have the right to respond truthfully to any inquiry regarding the Agreement. Notwithstanding the foregoing, Plaintiff represents that he has not disclosed the amount or any other term of the Parties' agreed settlement or this Agreement to any third party to date, other than his attorneys and immediate family. Plaintiff further agrees that he will not initiate any conversations or

Doc ID: 918edcbdda4d35ba33af26e1994ae6cf34cc9713

communications concerning the terms of this Agreement with any friends, current or former co-workers, and/or the media and that he will not disclose any terms of this Agreement on any website, blog, or other electronic media. The Parties acknowledge that any material violation of this Paragraph shall be a material breach of this Agreement. If a violation of this Paragraph is proven in a court of competent jurisdiction, the aggrieved Party may pursue their damages and equitable remedies. If a court of competent jurisdiction finds a material violation of this Paragraph, all of the remaining provisions in this Agreement shall remain in full force and effect.

**7.** **Submission to Court for Approval and Purposes of Dismissing the Action With Prejudice**:

The Parties intend for Plaintiff to waive any and all claims related to his wages, compensation or any other remuneration he may have against Defendants, including claims under the FLSA, and therefore desire that this Agreement be approved by the United States District Court. Accordingly, the Parties agree to file a Joint Letter Motion for Approval of the Settlement Agreement after full execution of this Agreement.

Upon execution of this Agreement, the Parties agree to immediately execute the "Joint Stipulation for Dismissal with Prejudice," in the form annexed hereto as **Exhibit 1**, which will be submitted to the Court along with the Joint Letter Motion for Approval of the Settlement Agreement.

Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Joint Stipulation for Dismissal with Prejudice renders this Agreement null and void and no payments shall be distributed by Plaintiff's Counsel to the Plaintiff pursuant to Paragraph 1 of the Agreement.

**8.** **Taxes and Withholding**: Plaintiff expressly acknowledges and agrees that he is responsible for the payment of all federal, state, and local taxes, if any, which are required by law to be paid by him with respect to the above payments in Paragraph 1. If any taxing body determines that the tax treatment was incorrect and that greater amounts should have been withheld from any payment above in Paragraph 1, Plaintiff acknowledges and assumes all responsibility for paying those amounts and further agrees to indemnify and hold Defendants harmless for payment of any additional taxes and any interest and penalties thereon.

**9.** **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's employment. Con Edison has consistently denied, and continues to deny, that Con Edison "employed" Plaintiff, as that term is defined under the FLSA and/or NYLL, and Defendants further deny each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

**10.** **Bona Fide Dispute**: After consultation with their counsel, and in consideration of all the facts and circumstances surrounding his alleged employment with any Defendants, Plaintiff agrees this Agreement is a settlement of disputed claims. The Parties agree that there are *bona fide* disputes as to whether Plaintiff could prevail on the merits of his claims, and that

the amounts being paid to Plaintiff, as set forth in Paragraph 1, are a fair and reasonable resolution to these *bona fide* disputes. Plaintiff stipulates and agrees that the terms of this Agreement represent a reasonable compromise of *bona fide* disputes regarding his entitlement to statutory wages, including minimum wage compensation, liquidated damages, penalties, and any other relief under the FLSA and NYLL.

**11.**   **Changes to the Agreement**:  This Agreement may not be changed unless the changes are in writing and signed by all of the Parties or their designees.

**12.**   **No Other Complaints or Charges**:  Plaintiff hereby represents that other than the Action and his workers compensation claim (N.Y. Workers Compensation Board Case No.: G2377167), he has not filed nor caused to be filed any action, administrative charge, complaint, grievance or arbitration against any of the Releasees.  Moreover, Plaintiff is not aware of any other non-physical injury claims other than those alleged in the Action relating to his employment or purported employment with any Defendant.

**13.**   **Severability**:  The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

**14.**   **Governing Law**:  This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles.

**15.**   **Jurisdiction**:  The Parties expressly agree that the United States District Court for the Southern District of New York ("SDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement.  By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the SDNY in any action or proceeding a Party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the SDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the SDNY has been brought in an inconvenient forum.

**16.**   **Assignment of Claims**:  Plaintiff hereby represents and warrants that he has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

**17.**   **Voluntary Agreement**:  Plaintiff represents and agrees that:

(a)    He is not suffering from any impairment that would render him incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to her;

(b)    He has signed this Agreement freely and voluntarily and without duress;

(c)    No promise or representation of any kind or character, other than those contained in this Agreement, have been made by any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement;

Doc ID: 918edcbdda4d35ba33af26e1994ae6cf34cc9713

(d)   He was advised and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

**18.**   **Full and Complete Agreement**:   This Agreement constitutes the full and complete agreement between the Parties, and fully supersedes any and all prior agreements, commitments or understandings between the parties, pertaining to the subject matter hereof.

**19.**   **Waiver**:   No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived.  Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein.  The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

**20.**   **Fair Meaning**:   The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

**21.**   **Counterparts**:   This Agreement may be executed in facsimile, pdf and/or electronic counterparts such as one duly executed by DocuSign or HelloSign, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document.  A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

**22.**   **Headings**:   The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

**23.**   **Facsimile/Email**:   An executed facsimile or email copy of this Agreement will have the same force and effect as the original.

**24.**   **Notices**:   All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Defendants' Counsel or Plaintiff's Counsel, respectively, as follows:

Software Guidance & Assistance, Inc.'s Counsel:

> Glenn Grindlinger
> Fox Rothschild LLP
> 101 Park Avenue, 17th Floor
> New York, New York 10178
> (212) 878-7900

Consolidated Edison Company of New York, Inc.'s Counsel:

> Eli Z. Freedberg, Esq.
> Littler Mendelson, P.C.
> 900 Third Avenue
> New York, New York 10022

(212) 583-2660
EFreedberg@littler.com

Plaintiff's Counsel:

Jason T. Brown
Brown, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
(877) 561-0000
jtb@jtblawgroup.com

Any Party may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

**25.** **Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH HIS ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**AGREED:**

**Walter King**

By:_____ *Walter King*

Dated:_____ 10 / 26 / 2019

**DEFENDANTS**

**SOFTWARE GUIDANCE & ASSISTANCE, INC.**

By:_____

Dated:_____

**CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.**

By:_____

Dated:_____

Doc ID: 918edcbdda4d35ba33af26e1994ae6cf34cc9713

(212) 583-2660
EFreedberg@littler.com

Plaintiff's Counsel:

Jason T. Brown
Brown, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
(877) 561-0000
jtb@jtblawgroup.com

Any Party may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

**25.** **Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH HIS ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**AGREED:**

**Walter King**

By:_____

Dated:_____


**DEFENDANTS**

**SOFTWARE GUIDANCE &**                          **CONSOLIDATED EDISON COMPANY**
**ASSISTANCE, INC.**                             **OF NEW YORK, INC.**

By:_____                      By:_____

Dated:___10-24-19___                              Dated:_____

(212) 583-2660
EFreedberg@littler.com

<u>Plaintiff's Counsel:</u>

Jason T. Brown
Brown, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
(877) 561-0000
jtb@jtblawgroup.com

Any Party may give notice of change of address in writing as set forth in this Paragraph.  If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

    **25.**    **Authority to Execute Agreement**:  The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH HIS ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**<u>AGREED</u>:**

**Walter King**

By:_____

Dated:_____


**<u>DEFENDANTS</u>**

**SOFTWARE GUIDANCE &**
**ASSISTANCE, INC.**

By:_____

Dated:_____

**CONSOLIDATED EDISON COMPANY**
**OF NEW YORK, INC.**

By:_____

Dated: _Oct. 24, 2019_

# __EXHIBIT 1__

Doc ID: 918edcbdda4d35ba33af26e1994ae6cf34cc9713

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER KING, individually and on behalf of others similarly situated | Civil Case No.: 1:19-cv-02417-VEC |
| Plaintiff, | |
| -against- | **JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE** |
| SOFTWARE GUIDANCE & ASSISTANCE, INC., and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., | |
| Defendants. | |

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above-captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs.

Dated: _____, 2019                    Dated: _____, 2019

Jason T. Brown
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
*Attorneys for Plaintiff*

Eli Z. Freedberg
LITTLER MENDELSON, P.C.
900 Third Avenue, 7th Floor
New York, New York  10022
212.583.9600
*Attorneys for Defendant Consolidated Edison*
*Company of New York, Inc.*

Glenn Grindlinger
FOX ROTHSCHILD LLP
101 Park Avenue, 17th Floor
New York, New York  10178
212.878.7900
*Attorneys for Software Guidance & Assistance,*
*Inc.*

SO ORDERED:

_____

Doc ID: 918edcbdda4d35ba33af26e1994ae6cf34cc9713

*King v. Software Guidance & Assistance, Inc., et al.*
**1:19-CV-02417-VEC**

# EXHIBIT 2

Summary of Attorneys'

Fees and Costs

As of October 26, 2019

*King v. Software Guidance & Assistance, Inc., et al.*
# 1:19-CV-02417-VEC

## SUMMARY OF ATTORNEYS' FEES AND COSTS
## <u>AS OF OCTOBER 26, 2019</u>

| Attorneys' Fees | | | | |
|---|---|---|---|---|
| Name | | Hours | Rate | Total |
| Jason T. Brown | JTB | 24.90 | $450 | $11,205.00 |
| Nicholas Conlon | NC | 4.30 | $300 | $1,290.00 |
| Ching-Yuan "Tony" Teng | TT | 103.70 | $200 | $20,740.00 |
| Patrick Almonrode | PA | 0.10 | $400 | $40.00 |
| Zijian Guan | ZG | 0.20 | $300 | $60.00 |
| Lotus Cannon | LC | 1.80 | $200 | $360.00 |
| Irene Chan | IC | 0.40 | $200 | $80.00 |
| **Sub-total** | | **135.40** | | **$33,775.00** |

| Administrative Staff Fees | | | | |
|---|---|---|---|---|
| Name | | Hours | Rate | Total |
| Bernardo Valdez | BV | 0.50 | $150 | $75.00 |
| Osmara Suazo | OS | 0.90 | $150 | $135.00 |
| Vanessa Reyes | VR | 0.30 | $150 | $45.00 |
| Sueherminia Colon | SC | 0.60 | $150 | $90.00 |
| Caitlin Keating | CK | 3.70 | $150 | $555.00 |
| Angiee Rosario | AR | 0.10 | $150 | $15.00 |
| Rebecca Mahabir | RM | 4.30 | $150 | $644.37 |
| Stephanie Martinez | SM | 0.30 | $150 | $45.00 |
| **Sub-total** | | **10.70** | | **$1,604.38** |

### Total Hours = 146.10
### Total Fees = $35,379.38

| Costs | |
|---|---|
| Description | Amounts |
| Complaint Filing Fee (3/18/19) | $400.00 |
| JTB Travel to NYC for mediation (6/18/19) | $10.67 |
| LexisNexis Advance Expenses | $73.15 |

*Page 1 of 2*

| COURTLINK/PACER Expenses | $31.98 |
|---|---|
| USPS Costs | $23.55 |

**Total Costs = $539.35**

**<u>TOTAL FEES & COSTS: $35,918.73</u>**